CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 12 2005

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVEN LAVELLE CARDWELL,<br>    Petitioner, | Civil Action No. 7:05cv00109 |
| v. | MEMORANDUM OPINION |
| GENE JOHNSON, et al.,<br>    Respondents. | By: James C. Turk<br>Senior U.S. District Judge |

Petitioner Steven LaVelle Cardwell, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Cardwell is challenging his January 8, 2001 conviction in the Circuit Court of the City of Danville. As grounds for relief, Cardwell challenges the sufficiency of the evidence on which he was convicted.

The respondents have filed a motion to dismiss Cardwell's petition, contending that it is untimely. The court notified Cardwell of the respondents' motion to dismiss, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment might be granted for the respondents if he did not respond to the motion. Inasmuch as more than twenty days have passed and Cardwell has not responded to the motion to dismiss, that motion and the underlying petition are now ripe for judgment.

After a through review of the record, the court finds that Cardwell's petition is untimely and that there are no grounds for equitable tolling. Accordingly, the court grants the respondent's motion to dismiss.

## I.

On January 8, 2001, Cardwell was convicted in the Circuit Court of the City of Danville, for two counts of distribution of cocaine. He was sentenced to serve fifteen years. Cardwell

appealed his conviction to the Court of Appeals of Virginia; his conviction was affirmed on October 25, 2001. He then petitioned for an appeal before the Supreme Court of Virginia, but it was denied on March 29, 2002.

Cardwell filed a petition for a writ of habeas corpus in the Circuit Court of the City of Danville on January 8, 2003; it was dismissed on April 18, 2003. Thereafter, on June 17, 2003 Cardwell filed an untimely notice of appeal in the Circuit Court of the City of Danville. Additionally, Cardwell failed to file a timely notice of appeal in the Supreme Court of Virginia.

On February 25, 2004 Cardwell filed a petition for a writ of habeas corpus in this court. However, after respondent moved to dismiss the petition, Cardwell filed a motion to withdraw. This court granted his motion and dismissed the petition without prejudice on May 4, 2004.

Cardwell then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on June 29, 2004. The Supreme Court of Virginia dismissed that petition on September 21, 2004 finding that it was barred by Virginia Code §§ 8.01-654(A)(2) and (B)(2) as successive and untimely. He then filed the instant petition on February 23, 2005.

## II.

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D). Section § 2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

Cardwell's conviction became final 90 days after the Supreme Court of Virginia denied his appeal because he declined to petition the Supreme Court of the United States for a writ of certiorari. See Sup. Ct. R. 13. As such, his conviction became final on June 27, 2002. Petitioner thus had one year from that date, until June 27, 2003, in which to file a timely habeas petition pursuant to 28 U.S.C. § 2254 in this court.

Court records reflect that Cardwell filed a petition for a writ of habeas corpus in the Circuit Court of the City of Danville on January 8, 2003; but it was dismissed on April 18, 2003. On June 17, 2003, Cardwell filed an untimely notice of appeal as to his habeas petition in the Circuit Court. "[A]n application for state habeas relief is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 121 S.Ct. 361, 364 (2000). The Rules of the Supreme Court of Virginia specify that a

3

proper notice of appeal must be filed no more than 30 days after final judgment is rendered. Va. Sup. Ct. R.5:9(a). Therefore, to be properly filed and thus toll the statute of limitations, Cardwell needed to file a his notice of appeal no more than 30 days after May18, 2003. As Cardwell does not contest that he failed to file such a notice, that notice of appeal clearly did not toll the statute of limitations.

Thus, the one year period of limitations was tolled only from January 8, 2003 until April 18, 2003, while Cardwell's habeas petition was pending in the Circuit Court of the City of Danville, and he was afforded an additional 100 days in which to file his federal habeas petition. Because he did not file a timely notice of appeal, Cardwell is entitled to no further period of tolling. Accordingly, Cardwell had until October 5, 2003 to file his federal petition. As he did not file the instant petition until February 23, 2005, it is clearly outside the statute of limitations.

Cardwell's argument that the one year statutory period was tolled while his habeas petition was pending in the Supreme Court of Virginia, filed June 29, 2004, and his first petition was pending before this court, filed February 5, 2004, is without merit. As both petitions were filed after the expiration of the one year limitations period prescribed for filing a timely § 2254 petition in this court, the pendency of those petitions did not toll the statutory period under § 2244(d)(2).

### III.

Cardwell did not respond to the respondents' motion to dismiss and does not dispute the respondents' assertion that his petition is untimely. Absent any other evidence to the contrary, he has made no showing that the statute of limitations has been triggered anew by any event contemplated in § 2244(d)(1)(B)-(D) or that equitable tolling principles should be applied.

4

Inasmuch as he did not file the instant petition until February 23, 2005, it is clearly outside the statute of limitations imposed by § 2244(d)(1)(A) and the court will deny relief on that basis.

Petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of the Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5) or 4(a)(6).

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondents.

ENTER: This 12th day of September, 2005.

/s/ James C. Turk
Senior United States District Judge

5

Case 7:05-cv-00109-JCT-mfu   Document 14   Filed 09/12/05   Page 5 of 5   Pageid#: 42